### BECKWITH *v.* NEW YORK CENT. & H. R. R. CO.

*(Supreme Court, General Term, Fourth Department.* November, 1889.)

RAILROAD COMPANIES—INJURIES TO PERSONS ON TRACK—NEGLIGENCE.

In an action for the negligent killing of plaintiff's intestate by a locomotive, there was evidence that decedent was 13 years old; that he was with his older brother; that his brother looked both ways before attempting to cross the track; that, not seeing or hearing the approaching train, he told the decedent to come on, and they hurried across. *Held,* that the evidence showed that the accident may have occurred without contributory negligence on decedent's part, and was properly submitted to the jury.

Appeal from circuit court, Oneida county.

Action by John H. Beckwith, as administrator of Walter Beckwith, deceased, against the New York Central & Hudson River Railroad Company for the negligent killing of plaintiff's decedent by a train on defendant's road. Judgment was entered on a verdict for plaintiff, and a motion for a new trial on the minutes was denied. Defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*C. D. Prescott,* for appellant. *S. Cromwell,* for respondent.

MARTIN, J. The evidence and facts in this case are substantially identical with those in the case of Joseph H. Beckwith, by his guardian, against the defendant, (*ante,* 719,) which was submitted at the same time with this case, except that in that case the plaintiff testified that he looked both ways before attempting to cross defendant's tracks, and neither heard nor saw the approaching train, while in this case the plaintiff's intestate was killed, and could not testify. In the case at bar there was no direct evidence that the decedent looked or listened before attempting to make this crossing. There was, however, proof that decedent was about 13 years of age; that he was in company with his older brother; that his brother looked both ways before attempting to cross; that, not seeing or hearing the approaching train, he told the decedent to "come on," and they hurried across. The only question we need specially consider in this case is whether, in the absence of direct proof that the decedent looked and listened before attempting to cross the defendant's track, the plaintiff so far failed to show that his intestate was free from contributory negligence as to require the trial court to hold, as a matter of law, that the plaintiff was not entitled to recover. In *Tolman* v. *Railroad Co.,* 98 N. Y. 203, FINCH, J., in delivering the opinion of the court in that case, said: "The burden of establishing affirmatively freedom from contributory negligence may be successfully borne, though there were no eye-witnesses of the accident, and even although its precise cause and manner of occurrence are unknown. If, in such case, the surrounding facts and circumstances reasonably indicate, or tend to establish, that the accident might have occurred without negligence of the deceased, that inference becomes possible, in addition to that which involves a careless or willful disregard of personal safety; and so a question of fact may arise, to be solved by a jury, and require a choice between possible, but divergent, inferences." In this case, there were facts and circumstances which at least tended to show that the accident might have occurred without the negligence of the decedent; and we think it was for the jury to say what inferences should be drawn from the facts and circumstances disclosed by the evidence. *Newell* v. *Ryan,* 40 Hun, 286, 290; *Palmer* v. *Railroad Co.,* 112 N. Y. 234, 243, 19 N. E. Rep. 678. An examination of the defendant's exceptions as to the admission of evidence, and to the judge's charge, has failed to disclose any error which requires a reversal

of this judgment, or that would seem to require special discussion.   We think the judgment should be affirmed.   Judgment and order affirmed, with costs. All concur.